UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARC C. GREEN                                                    CIVIL ACTION

VERSUS

THE PRUDENTIAL INSURANCE                              NO. 17-01024-JWD-EWD
COMPANY OF AMERICA

## RULING

Before the Court is a *Motion to Stay Pending Exhaustion of Administrative Remedies* filed

by the Defendant, The Prudential Insurance Company of America.[1]  Plaintiff, Marc C. Green, has

filed an *Opposition* to which the Defendant has filed a *Reply*.[2]  For the following reasons, the

*Motion* shall be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Marc C. Green ("Plaintiff" or "Green") has asserted a claim pursuant to the Employee

Retirement Income Security Act of 1974 ("ERISA") against The Prudential Insurance Company

of America ("Defendant" or "Prudential"), arising out of Prudential's decision to terminate

Green's claim for long-term disability benefits ("LTD benefits").[3]

Green alleges that in December of 2009, while insured under his former employer's

employee benefits plan that was issued by Prudential, he "became, is now and will remain in a

continuous state of disability and/or reduced ability to perform his own occupation or secure any

gainful occupation due to a combination of medical conditions affecting [his] left ring finger."[4]

---

[1] Doc. 16.
[2] Doc. 18 and Doc. 22.
[3] Doc. 1.   Under ERISA § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due
to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future
benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B).
[4] Doc. 1, p. 2.

Green applied for LTD benefits under the plan's disability insurance policy.[5] Prudential, as the

Claims Administrator, is responsible for determining eligibility for LTD benefits and insuring LTD

benefits under the plan.[6]

Initially, Prudential granted Plaintiff's claim and awarded LTD benefits effective June 16,

2010.[7] However, in a letter dated April 21, 2017, Prudential informed Green that it had conducted

its own review of his claim for LTD benefits, and "determined that the medical information

received did not support impairment that would prevent [him] from performing material and

substantial duties of any gainful occupation."[8] As a result, Prudential terminated Green's claim

for LTD benefits effective April 22, 2017.[9] In this same letter, Prudential informed Green that he

had the right to appeal the decision, and delineated the procedure for doing so.[10]

Subsequently, Green submitted a letter dated May 9, 2017 to Prudential, which was

captioned as an "**ADMINISTRATIVE APPEAL**" and provided as follows:

> Please consider this as [Green's] written request for review/administrative appeal
> of the denial of benefits communicated by letter dated April 21, 2017 on the
> grounds that the list of 'gainful occupations' identified in that letter is insufficient
> as grounds for terminating benefits.[11]

The letter also included a request for copies of the entire claims file, including "[a]ll governing

plan documents;" "[a]ll documents that are 'relevant' to the claim in question;" "[t]he entire claim

file including … any applications, correspondence, handwritten notes, any and all surveillance, e-

mails, activity logs, medical reports, vocational reports, evaluation notes and any and all

---

[5] Doc. 28. The parties have also entered a *Joint Stipulation Regarding ERISA Matters* in which they expressed their agreement that the employee benefit plan at issue is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*
[6] Doc. 16-3, pp. 53-54; Doc. 1, pp. 2-3.
[7] Doc. 16-4, p. 1.
[8] Doc. 16-5, p. 5.
[9] Doc. 16-5, p. 5; Doc. 1, p. 3.
[10] Doc. 16-5, p. 8.
[11] Doc. 16-6, p. 1 (emphasis original).

commentary by any employee or person contracted by Liberty Mutual [sic] or claimant's employer regarding the claim;" "[a]ll applicable claims manuals;" and the "[c]urriculum vitae for any physician who played any part in the evaluation of this claim."[12]

Prudential responded to Green's letter on May 16, 2017, and provided him with the requested information.[13]  Prudential's letter also included the following: "Please ensure your complete appeal submission is received by Prudential within 180 days receipt of the most recent decision letter dated April 21, 2017.  Thus Mr. Green's complete appeal is due no later than November 7, 2017."[14] Without submitting any additional information for Prudential to review, Green filed the instant lawsuit on October 10, 2017.[15]

Prudential now moves the Court to stay and remand this matter to its claims administrator, because it contends that Green failed to exhaust his administrative remedies as required by ERISA. In response, Green argues that because Prudential failed to timely issue a determination on his May 9, 2017 administrative appeal, his administrative remedies were exhausted pursuant to statutory regulation, 29 C.F.R. § 2560.503–1(l)(1).  Therefore, Green contends that he had the right to file the instant lawsuit.

## II.    LEGAL STANDARD

An individual claiming benefits owed under an ERISA plan "must first exhaust available administrative remedies under the plan before bringing suit to recover.[16]  "This requirement minimizes the number of frivolous ERISA lawsuits, promotes consistent administration of claims,

---

[12] Doc. 16-6, pp. 1-2.
[13] Doc. 16-7.
[14] Doc. 16-7, p. 2.
[15] Doc. 1.
[16] *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000)(citation omitted). *See also, Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005)("A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits.").

provides a nonadversarial dispute resolution process, and decreases the time and costs of claims settlement."[17] However, when the plan administrator fails to follow claims procedures consistent with the regulatory requirements, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan."[18] And yet, "the administrative remedies available under a plan with respect to claims for disability benefits will not be deemed exhausted based on *de minimis* violations that do not cause, and are not likely to cause, prejudice or harm to the claimant so long as the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan and that the violation occurred in the context of an ongoing, good faith exchange of information between the plan and the claimant."[19]

## III.   ANALYSIS

In this case, the Court finds that Green's May 9, 2017 letter served as his timely-filed administrative appeal. Green not only captioned his letter as an "**Adminstrative Appeal**," but in the first paragraph of his letter he expressly requested that Prudential consider his correspondence as "his written request for review/administrative appeal of the denial of benefits."[20] The Court finds that both the caption and the foregoing statement in Green's letter should have alerted Prudential to the fact that his letter served as his administrative appeal. Therefore, pursuant to the terms of its plan, Prudential then had 45 days, or until June 24, 2017, to render a decision on the appeal; Prudential failed to do so. Accordingly, the Court finds that Prudential failed to comply with its own claims procedures. Nevertheless, for the following reasons, the Court further finds that Prudential has shown that its procedural violation was a *de minimus* violation.

---

[17] *Gastwirth v. Cigna Group Ins.*, Civil Action No. 97-2481L, 1998 WL 874879, at *3 (N.D. Tex. Nov. 25, 1998)(citing *Hall v. Natl. Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997)).
[18] 29 C.F.R. § 2560.503–1(l)(1).
[19] 29 C.F.R. § 2560.503–1(l)(2)(ii) (emphasis added).
[20] Doc. 16-6 (emphasis original).

4

First, Green has not offered any allegations or argument showing that Prudential's failure to timely consider his appeal caused him prejudice or harm. Additionally, while the issuance of a stay in this case to allow Prudential's claims administrator to review Green's administrative appeal will delay this Court from considering the merits of Green's lawsuit for a short period of time, the Court finds that such a delay will not cause any prejudice or harm to Green.

The Court further finds that Prudential has demonstrated that its procedural error was for good cause. Although the May 9, 2017 letter expressed Green's intention to appeal the denial of his claim for LTD benefits, it also included a lengthy and detailed request for additional information relevant to Green's claim. In its May 16, 2017 response, it appears that Prudential clearly, albeit mistakenly, interpreted Green's letter as a request for more information in order to prepare a "complete appeal" that would be "due not later than November 7, 2017."[21] As Prudential correctly notes, it was not unreasonable for the Defendant to believe that, after reviewing the relevant plan documents and claim file, Green would want to submit more information in support of his administrative appeal. Therefore, the Court finds that the May 16, 2017 correspondence shows that Prudential was, for good cause, waiting on Green to submit his complete appeal.

Also reflected in the May 16, 2017 correspondence is the fact that Prudential provided Green with the requested documents in a diligent manner. Therefore, the Court further finds that Prudential's procedural violation also occurred during the ongoing, good faith exchange of information between Prudential and Green.

Accordingly, the Court finds that because Prudential has shown that its procedural violation was a *de minimus* violation, Green has not exhausted his administrative remedies. Therefore, the

---

[21] Doc. 16-7, p. 2.

Court shall exercise its inherent power to stay this matter pending the exhaustion of Green's administrative remedies under ERISA.[22]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby grants the *Motion to Stay Pending Exhaustion of Administrative Remedies* filed by the Defendant, The Prudential Insurance Company of America.[23] Accordingly, this matter is hereby stayed.

**IT IS FURTHER ORDERED** that Marc C. Green's claim for long-term disability benefits is hereby remanded to the claims administrator for The Prudential Insurance Company of America for consideration in accordance with the terms of the applicable employee benefit plan. Plaintiff shall resubmit his claim for appeal to the claims administrator within 30 days from the date of this *Ruling*. Within 45 days of receipt of Plaintiff's appeal, Prudential's claims administrator shall render a determination on said appeal, in accordance with Prudential's plan.

**IT IS HEREBY FURTHER ORDERED** that once the administrative appeal is concluded, and if the issues are still ripe for this Court's consideration, Plaintiff shall file a motion to lift the stay and request a status conference with the Magistrate Judge.

Signed in Baton Rouge, Louisiana this ___24___ day of April, 2018.

_____
**JUDGE JOHN W. DEGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[22] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[23] Doc. 16.